BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE TRANS UNION, LLC, CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 3170 |

### PLAINTIFF PRESCILA LOVELL'S RESPONSE IN OPPOSITION TO MOTION FOR TRANSFER AND CENTRALIZATION

Prescila Lovell ("Ms. Lovell"), plaintiff in *Lovell v. TransUnion LLC* (N.D. Illinois, Case No. 1:2025-cv-10817) respectfully submits this Response in Opposition to Defendants' Trans Union, LLC and TransUnion's (collectively, "TransUnion") Motion for Transfer and Centralization pursuant to 28 U.S.C. § 1407, of at least 54 data breach cases involving TransUnion, all arising from vulnerabilities in Salesforce software.

Another motion for transfer and centralization is already pending before the Panel, seeking to centralize *all* actions (as opposed to only cases involving TransUnion) arising from the interconnected data breaches affecting Salesforce and multiple other defendants, including TransUnion. *See In Re: Salesforce, Inc. Customer Data Security Breach Litigation*, MDL No. 3164. These cases present the same facts: the data breach of Salesforce's platform and numerous entities that used it to manage their customers' information. This litigation is best characterized as a hub-and-spoke structure – Salesforces' systems forming the hub, with each of its

clients (including TransUnion) as spokes, all connected by overlapping facts, discovery, and liability issues. Consistent with the Panel's approach in *In re MOVEit* and *In re Snowflake*, the most efficient and consistent outcome is to form a single MDL encompassing the hub and all related spokes. *See In re MOVEit Customer Data Sec. Breach Litig.*, MDL No. 3083, 699 F. Supp. 3d 1402, 1407 (J.P.M.L. 2023) (transferring and centralizing 101 related hub-and-spoke data breach cases originally filed in 22 districts); *Snowflake, Inc. Data Sec. Breach Litig.,* MDL No. 3126, 753 F. Supp. 3d 1368, 1373 (J.P.M.L. 2024) (transferring and centralizing 45 related hub-and-spoke data breach class actions originally filed in 8 districts).

The Panel should therefore centralize all of these actions within the pending *Salesforce* proceeding rather than in a separate, narrower TransUnion MDL and transfer *all* cases to the U.S. District Court for the Northern District of California.

Respectfully submitted,

Dated: October 20, 2025                     **CLARKSON LAW FIRM, P.C.**

By: */s/ Yana Hart*
Yana Hart, Esq.
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
yhart@clarksonlawfirm.com